```
              UNITED STATES DISTRICT COURT

               DISTRICT OF CONNECTICUT


------------------------------ x
                               :
 UNITED STATES OF AMERICA,     :
                  Plaintiff,   :    Criminal No.
                               :  3:15-CR-00155 (RNC)
             vs.               :
                               :  September 10, 2015
 ROSS SHAPIRO, TYLER PETERS    :
 and MICHAEL GRAMINS,          :
                  Defendants.  :
                               :
------------------------------ x
```

Federal Building<br>
450 Main Street<br>
Hartford, Connecticut

<u>INITIAL PRESENTMENT</u>

(Transcription from Electronic Recording)


Held Before:

THE HON. DONNA F. MARTINEZ
United States Magistrate Judge


Transcription Services of
FALZARANO COURT REPORTERS, LLC
4 Somerset Lane
Simsbury, CT  06070
860.651.0258

A P P E A R A N C E S:

    <u>For the Plaintiff:</u>

        OFFICE OF THE UNITED STATES ATTORNEY
        157 Church Street - 23rd Floor
        New Haven, Connecticut  06510
        203-821-3835
            BY:  LIAM BRENNAN, ESQ.
                 HEATHER CHERRY, ESQ.
                 Assistant U.S. Attorneys


    <u>For the Defendant Ross Shapiro:</u>

        REID AND REIGE, P.C.
        One Financial Plaza – 21st Floor
        Hartford, Connecticut 06103
        860-278-1150
            BY:  THOMAS V. DAILY, ESQ.

        PETRILLO, KLEIN & BOXER, LLP
        655 3rd Avenue – 22nd Floor
        New York, New York 10017
        212-370-0330
            BY:  GUY PETRILLO, ESQ.


    <u>For the Defendant Michael Gramins:</u>

        BRACEWELL & GIULIANI
        CityPlace I – 34th Floor
        185 Asylum Street
        Hartford, Connecticut 06103
        860-947-9000
            BY:  GREGORY NYE, ESQ.


        BRACEWELL & GIULANI
        1251 Avenue of the Americas – 49th Floor
        New York, New York  10020
        212-508-6100
            BY:  MARC L. MUKASEY, ESQ.

A P P E A R A N C E S (Continued:)


    For the Defendant Tyler Peters:

        SPEARS MANNING, LLC
        242 Trumbull Street – 6th Floor
        Hartford, Connecticut 06103
        860-275-0178
            BY:  STEPHEN V. MANNING, ESQ.

        ALSTON & BIRD, LLP
        90 Park Avenue – 12th Floor
        New York, New York 10016
        212-210-9547
            BY:  BRETT D. JAFFE, ESQ.
                JOSEPH G. TULLY, ESQ.

1                          (Proceedings Commenced at 10:10 a.m.)

2

3                  THE COURT:  Good morning.

4                  MR. BRENNAN:  Good morning, your Honor.

5                  MR. DAILY:  Good morning, your Honor.

6                  THE COURT:  All right.  We have United

7          States v. Shapiro, Peters and Gramins, 15-

8          Criminal-155 assigned to Judge Chatigny.

9                  Will you identify yourselves please for

10         the record?

11                 MR. BRENNAN:  Yes, your Honor.  Good

12         morning.  Liam Brennan for the United States

13         and joined at counsel table by Assistant

14         U.S. Attorney Heather Cherry and Paralegal

15         Specialist Mary McCullough.

16                 THE COURT:  All right.  Good morning.

17                 MR. DAILY:  Good morning, your Honor,

18         Thomas Daily on behalf of the Defendant,

19         Ross Shapiro.  With me at counsel table is

20         Attorney Guy Petrillo from the law firm of

21         Petrillo, Klein & Boxer in New York.  We

22         intend to file a motion for pro hac vice

23         admission as part of this proceedings, your

24         Honor, and Mr. Petrillo will be representing

25         Mr. Shapiro in regard to these proceedings.

1               THE COURT:  All right.  Have you filed

2        it?  Do you have it or are you going to file

3        it on line?

4             MR. DAILY:  I actually have it with me

5        and I'm prepared to hand it up, your Honor,

6        if you would like.

7            THE COURT:  Okay.  I think that the

8        Clerk of the Court will tell me he'd greatly

9        appreciate it if you would file it on line.

10       If you have a copy of it I'll surely have a

11       look, but if you could file it on line we'd

12       all be grateful.

13           MR. DAILY:  Absolutely.  And I will,

14       your honor.

15           May I approach, your Honor?

16           THE COURT:  Yes, please.  All right.

17       And would it be your intention that Mr.

18       Petrillo represent the Defendant today?

19           MR. DAILY:  Yes, your Honor.

20           THE COURT:  All right.  It appears to

21       be in order and I know, Mr. Daily, that you

22       will file it as soon as you return to your

23       office.

24           MR. DAILY:  That's right.

25           THE COURT:  So Mr. Petrillo may appear.

 1           MR. DAILY:  And for the Court's

 2      information we'll also be filing a motion to

 3      admit pro hac vice for Mr. Petrillo's

 4      associate, Len Sandlar, which I will do upon

 5      return to our office.

 6           THE COURT:  Thank you.

 7           MR. DAILY:  Thank you.

 8           THE COURT:  Who do we have?

 9           MR. NYE:  Yes.  Gregory Nye of

10      Bracewell & Giuliani's Hartford Office for

11      the Defendant Michael Gramins.  The

12      Defendant is here, and to my far right is my

13      partner out of your New York Office, Marc

14      Mukasey.  We did file yesterday, your Honor,

15      a motion to appear pro hac vice for Mr.

16      Mukasey.  I'm not sure if your Honor

17      received a copy but I have an actual --

18           THE COURT:  All right.  Perhaps you can

19      hand it to the Pretrial Services Officer.

20           Okay.  It appears to be in order and

21      we'll formally act on it following the

22      proceeding.

23           MR. NYE:  Your Honor, if it's

24      acceptable to you if Mr. Mukasey is admitted

25      for purposes of today's hearing, may I be

```
 1              excused pursuant to the local rules?
 2                   THE COURT:  Yes, sir.
 3                   MR. NYE:  Thank you.
 4                   THE COURT:  All right.  And who's next?
 5                   MR. MANNING:  Good morning, your Honor.
 6                   THE COURT:  Oh, good morning, Mr.
 7         Manning.
 8                   MR. MANNING:  How are you?
 9                   THE COURT:  I'm well.  How are you?
10                   MR. MANNING:  Fine, thank you.
11                   I am here as local counsel for Mr.
12         Tyler Peters, and to my -- and he is two
13         seats to my right.  To my right is Attorney
14         Brett Jaffe from Alston & Bird in New York,
15         and I have as well motions to admit pro hac
16         vice for Attorney Jaffe and also for
17         Attorney Joseph Tully who is here in the
18         courtroom.  I have not filed them yet.  I do
19         have a copy that does not have the
20         declaration signed.
21                   THE COURT:  Okay.
22                   MR. MANNING:  But I do have the
23         original signed declarations as well.
24                   THE COURT:  All right.  Again, I know
25         you'll file that promptly when you return to
```

1            your office.

2                  MR. MANNING:  Yes, your Honor.

3                  THE COURT:  And counsel may appear

4            today for today's proceedings.

5                  MR. JAFFE:  Thank you, your Honor.

6                  MR. TULLY:  Thank you, your Honor.

7                  THE COURT:  All right.

8                  Mr. Brennan, what brings us here?

9                  MR. BRENNAN:  Good morning, your Honor.

10          We are here today for the initial

11          presentment and arraignment of Defendants

12          Ross Shapiro, Michael Gramins and Tyler

13          Peters on an indictment that was returned on

14          September 3rd, 2015.  The indictment charges

15          each Defendant with one count of conspiracy,

16          two counts of securities fraud, and seven

17          counts of wire fraud.

18               THE COURT:  All right.

19               Let's have the Defendants stand,

20          please.

21               All right.  So we have Mr. Shapiro.

22               MR. MANNING:  This is Mr. Peters.

23               THE COURT:  Peters.  Thank you.

24               MR. MANNING:  Gramins.

25               THE COURT:  Gramins.  All right.

1           Mr. Shapiro, Mr. Peters and Mr.

2      Gramins, because this is your first

3      appearance before the Court I'm going to

4      advise you of your rights.

5           You have a right to remain silent, that

6      is you're not required to make any

7      statement.  If you do make a statement that

8      statement can and probably will be used

9      against you.

10          Mr. Shapiro, do you understand that?

11          DEFENDANT SHAPIRO:  I do.

12          THE COURT:  Mr. Peters, do you

13     understand that?  You have to speak up so we

14     have a record.

15          DEFENDANT PETERS:  I do.

16          THE COURT:  And Mr. Gramins, do you

17     understand?

18          DEFENDANT GRAMINS:  Yes.

19          THE COURT:  If you've already made a

20     statement you need not continue.  If you

21     make a statement in the future you may stop

22     at any time.

23          Mr. Shapiro, do you understand?

24          DEFENDANT SHAPIRO:  Yes.

25          THE COURT:  And Mr. Peters, do you

1          understand?

2                 DEFENDANT PETERS:  Yes.

3                 THE COURT:  Mr. Gramins, do you

4          understand?

5                 DEFENDANT GRAMINS:  Yes.

6                 THE COURT:  You also have a right to

7          counsel, that is you have a right to be

8          represented by a lawyer at every stage of

9          the proceedings against you.  If you cannot

10         afford a lawyer the Court will appoint a

11         lawyer for you at no cost to you.

12                Mr. Shapiro, do you understand that?

13                DEFENDANT SHAPIRO:  Yes.

14                THE COURT:  Do you want me to appoint

15         counsel to represent you?

16                DEFENDANT SHAPIRO:  No.

17                THE COURT:  Mr. Peters, do you

18         understand?

19                DEFENDANT PETERS:  Yes.

20                THE COURT:  Do you want me to appoint

21         counsel?

22                DEFENDANT PETERS:  No.

23                THE COURT:  And Mr. Gramins, do you

24         understand?

25                DEFENDANT GRAMINS:  Yes.

1          THE COURT:  Do you want counsel

2     appointed?

3          DEFENDANT GRAMINS:  No.

4          THE COURT:  All right.

5          All the Defendants are American

6     citizens?

7          COUNSEL:  Yes, your Honor.

8          THE COURT:  All right.  Let's proceed

9     to arraignment.

10          Will you advise the Defendants of the

11     charges and the penalties that they face?

12          MR. BRENNAN:  Yes, your Honor.

13          The first charge is a charge of

14     conspiracy in violation of Title 18 United

15     States Code 271.  It carries a maximum

16     penalty of 5 years imprisonment, a fine of

17     $250,000, supervised release of 3 years, and

18     a special assessment of $100.  It is also

19     subject to the alternative fine provision

20     which provides for a fine of twice the gross

21     gain or loss.

22          Two counts of securities fraud -- the

23     Defendants are also charged with two counts

24     of securities fraud in violation of Title 15

25     United States Code Section 78j and 17CFR

1        240.10B-5, which carries a maximum penalty

2        of 20 years imprisonment, a fine of

3        $250,000, or twice the gross gain or loss.

4        Supervised release is 3 years and a special

5        assessment of $100 for each account.

6            The Defendants area also each charged

7        with 7 counts of wire fraud in violation of

8        Title 18 United States Code Section 1343.

9        That carries also a maximum penalty of 20

10       years and a fine of $250,000 or twice the

11       gross or loss.  Supervised release is 3

12       years and a special assessment of $100 on

13       each count.

14           If it were to be proven that the

15       Defendants were guilty and that their crimes

16       affected a financial institution, the

17       maximum penalties actually would be 30 years

18       imprisonment and a fine of one million

19       dollars, your Honor.

20           THE COURT:  All right.  Thank you.

21           All right.  We'll begin with Mr.

22       Shapiro.  Mr. Shapiro, have you received a

23       copy of the indictment that charges you with

24       these crimes?

25           DEFENDANT SHAPIRO:  I have.

1           THE COURT:  Have you been over it with

2      your lawyer?

3           DEFENDANT SHAPIRO:  Yes.

4           THE COURT:  Do you understand what

5      you're charged with?

6           DEFENDANT SHAPIRO:  I do.

7           THE COURT:  Do you understand the

8      penalties that you face if convicted?

9           DEFENDANT SHAPIRO:  I do.

10          THE COURT:  I'm about to take your plea

11     of not guilty.  I'll have the indictment

12     read to you unless you waive the reading.

13     Do you waive the reading?

14          MR. PETRILLO:  We would waive the

15     reading.

16          THE COURT:  All right.

17          Mr. Clerk, please.

18          THE CLERK:  Yes, your Honor.

19          In the case of the United States of

20     America vs. Ross Shapiro, Criminal Number

21     3:15-CR-155 RNC, as to Count 1 of the

22     indictment charging violation of Title 18

23     United States Code Section 371, how do you

24     wish to plead?

25          DEFENDANT SHAPIRO:  Not guilty.

```
 1              THE CLERK:  And as to Counts 2 and 3 of
 2         the indictment charging violation of Title
 3         15 United States Code Section 78jb, 78ff,
 4         17CFR, how do you wish to plead?
 5              DEFENDANT SHAPIRO:  Not guilty.
 6              THE CLERK:  And as to Counts 4 through
 7         10 of the indictment charging violation of
 8         Title 18 United States Code Sections 1343
 9         and 2, how do you wish to plead?
10              DEFENDANT SHAPIRO:  Not guilty.
11              THE CLERK:  Your Honor, the Defendant
12         pleads not guilty to Counts 1 through 10 of
13         the indictment.
14              THE COURT:  Not guilty pleas to Counts
15         1 through 10 of the indictment shall be
16         entered on the record.  You may sit down,
17         sir.
18              All right.  Mr. Peters, have you
19         received a copy of the indictment?  Have you
20         been over it with counsel?
21              DEFENDANT PETERS:  Yes.
22              THE COURT:  Do you understand what
23         you're charged with?
24              DEFENDANT PETERS:  Yes.
25              THE COURT:  Do you understand the
```

1          penalties you face?

2               DEFENDANT PETERS:  Yes.

3               THE COURT:  I'm about to take your plea

4          of not guilty.  Do you want the indictment

5          read to you or do you waive the reading?

6               MR. JAFFE:  We waive, your Honor.

7               THE COURT:  All right.

8               THE CLERK:  In the case of the United

9          States of America vs. Tyler Peters, Criminal

10         Number 3:15-CR-155 RNC, as to Count 1 of the

11         indictment charging violation of Title 18

12         United States Code Section 371, how do you

13         wish to plead?

14              DEFENDANT PETERS:  Not guilty.

15              THE CLERK:  And as to Counts 2 and 3 of

16         the indictment charging violation of Title

17         15 United States Code Section 78jb, 78ff,

18         17CFR, how do you wish to plead?

19              DEFENDANT PETERS:  Not guilty.

20              THE CLERK:  And as to Counts 4 through

21         10 of the indictment charging violation of

22         Title 18 United States Code Sections 1343

23         and 2, how do you wish to plead?

24              DEFENDANT PETERS:  Not guilty.

25              THE CLERK:  Your Honor, the Defendant

1          pleads not guilty to Counts 1 through 10 of

2          the indictment.

3                THE COURT:  The not guilty pleas to

4          Counts 1 through 10 shall be entered on the

5          record and you may sit down.

6                And Mr. Gramins, have you received a

7          copy of the indictment?

8                DEFENDANT GRAMINS:  Yes.

9                THE COURT:  Have you been over it with

10         counsel?

11               DEFENDANT GRAMINS:  Yes.

12               THE COURT:  Do you understand what

13         you're charged with?

14               DEFENDANT GRAMINS:  Yes.

15               THE COURT:  Do you understand the

16         penalties that you face?

17               DEFENDANT GRAMINS:  Yes.

18               THE COURT:  Do you want the indictment

19         read to you or do you waive the reading?

20               MR. MUKASEY:  We waive the reading.

21               THE COURT:  All right.

22               THE CLERK:  In the case of the United

23         States of America vs. Michael Gramins,

24         Criminal Number 3:15-CR-155 RNC, as to Count

25         1 of the indictment charging violation of

 1                    Title 18 United States Code Section 371, how

 2                    do you wish to plead?

 3                        DEFENDANT GRAMINS:  Not guilty.

 4                        THE CLERK:  And as to Counts 2 and 3 of

 5                    the indictment charging violation of Title

 6                    15 United States Code Section 78jb, 78ff,

 7                    17CFR, how do you wish to plead?

 8                        DEFENDANT GRAMINS:  Not guilty.

 9                        THE CLERK:  And as to Counts 4 through

10                    10 of the indictment charging violation of

11                    Title 18 United States Code Sections 1343

12                    and 2, how do you wish to plead?

13                        DEFENDANT GRAMINS:  Not guilty.

14                        THE CLERK:  Your Honor, the Defendant

15                    pleads not guilty to Counts 1 through 10 of

16                    the indictment.

17                        THE COURT:  Not guilty pleas shall

18                    enter on the record.  You may sit down.

19                        All right.  I have a scheduling order.

20                    The scheduling order provides among other

21                    things the defense motions are due on or

22                    before October 1st, Government responses by

23                    October 8th.  July selection is currently

24                    scheduled for November 10th at 9:00 o'clock

25                    in the morning.  Scheduling order shall be

1          filed.

2               All right.  That brings us to the

3          question of detention or release.  What's

4          the Government's request?

5               MR. BRENNAN:  Your Honor, the

6          Government and the defense have come to a

7          joint proposal for the Court.  The

8          Government and the defense propose that the

9          Defendants be released on a one million

10         dollar unsecured bond co-signed by each of

11         their spouses; that their travel be

12         restricted to Connecticut, New York and New

13         Jersey, and that they travel outside those

14         areas with permission of Probation.

15              THE COURT:  All right.

16              Mr. Petrillo, why is that appropriate

17         for Mr. Shapiro?

18              MR. PETRILLO:  Your Honor, Mr. Shapiro

19         is married and has three children, lives in

20         Irvington, lived there for 12 years.  He's

21         currently employed by Numura (phonetic) on

22         administrative leave.  He is a coach for a

23         baseball team, very connected in the

24         community.  His wife is a real estate broker

25         in Irvington, New York.  There is absolutely

1           no risk of flight in this case.

2                    THE COURT:  All right.

3                    MR. PETRILLO:  Thank you.

4                    THE COURT:  Mr. Jaffe?

5                    MR. JAFFE:  Your Honor, Mr. Peters has

6           resided in Manhattan since 2001 when he

7           moved there to go to college.  Post-college

8           he has worked continuously at three

9           different financial institutions in New

10          York.  He lives there with his wife who is

11          here in the courtroom today.  Their families

12          are in the Northeast and mostly the New York

13          area.  Their entire social circle is in New

14          York.  And similarly there is absolutely no

15          risk of flight here, your Honor.

16                   THE COURT:  All right.

17                   And Mr. Nye?

18                   MR. MUKASEY:  I'm Mr. Mukasey.

19                   THE COURT:  I beg your pardon.

20                   MR. MUKASEY:  Mr. Nye is the one who

21          split.

22                   THE COURT:  Thank you.

23                   MR. MUKASEY:  Judge, Mr. Gramins has

24          lived in New York for the past 10 or 12

25          years and lives in downtown Manhattan with

1          his wife who is gainfully employed at a

2          financial institution and their 15-month,

3          16-month-old son, TJ.  Very involved in the

4          community.  He has obviously known about

5          this investigation as have the other

6          Defendants for well close to a year, and

7          have been prepared to be here and challenge

8          the case, and I don't think he's a risk of

9          flight at all.

10              THE COURT:  All right.  I think the

11          conditions proposed by all counsel are

12          reasonable and I'll set them.

13              (Pause.)

14              THE COURT:  Are all the spouses

15          present?

16              MR. MUKASEY:  Your Honor, Mr. Gramins'

17          wife was required to be at work today and

18          with the Court's permission and if it's

19          acceptable to the Government she can be here

20          to co-sign the bond on Monday if that works?

21              THE COURT:  She can also sign it in the

22          Southern District.

23              MR. MUKASEY:  That would perfect, and

24          she could probably do that today or

25          tomorrow.  So if she signs the bond in the

1          Southern District we would request that the

2          Court grant Mr. Gramins' release subject to

3          let's say doing it by 5:00 o'clock on

4          Monday?

5               THE COURT:  Um-hum.

6               MR. MUKASEY:  If that works.

7               THE COURT:  Why can't she do it today?

8               MR. MUKASEY:  She may very well be able

9          to do it.  I'm just trying to build in some

10          safety time.

11               THE COURT:  All right.

12               MR. MUKASEY:  But we can try to get it

13          done today certainly.

14               THE COURT:  All right.  So I'm going to

15          ask you to work that out with the Clerk of

16          the Court.

17               MR. MUKASEY:  Absolutely.

18               THE COURT:  All right.

19               The other two spouses are here?

20               MR. JAFFE:  Yes, your Honor.

21               MR. PETRILLO:  Yes, your Honor.

22               THE COURT:  Okay.

23               All right.  This is a type 3B bond in

24          the amount of one million dollars secured by

25          the signatures of the Defendant and their

1           spouses.  Counsel will supply the names of

2           the spouses to the Clerk of the Court.

3                I set the following conditions.

4           Standard conditions 1 through 5.  The

5           Defendants must not violate federal, state

6           or local law while on release.  They must

7           cooperate in the collection of a DNA sample

8           if authorized by statute.  They must advise

9           the Court and the Pretrial Services Office

10          or supervising officer in writing before any

11          change of address or phone number.

12               Defendants must appear in Court as

13          required and if convicted must surrender as

14          directed to serve any sentence that might be

15          imposed.  They must sign their appearance

16          bonds.

17               Where are the passports?

18               MR. PETRILLO:  In the case of Mr.

19          Shapiro, at his home.

20               THE COURT:  All right.

21               MR. JAFFE:  We have Mr. Peters' here

22          with us.

23               MR. MUKASEY:  And we have secured, my

24          law firm that is, Mr. Gramins' passport.

25               THE COURT:  All right.  So all

1          passports shall be surrendered.  What kind

2          of time do you need?

3                    MR. PETRILLO:  24 hours?

4                    THE COURT:  All right.  All passports

5          shall be surrendered and counsel may hold

6          the passports pending the completion of all

7          proceedings in the case, including any and

8          all appeals.

9                    Defendants shall not obtain any other

10         passport or international travel document.

11         You are restricted to Connecticut, New York

12         and New Jersey.  They may travel to other

13         locations within the United States with the

14         permission, advance permission of the United

15         States Probation Office.

16                   Any restrictions requested on victim or

17         witness contact?

18                   MR. BRENNAN:  Yes, your Honor.  The

19         Government was just going to request that

20         the Defendants not have any direct or

21         indirect contact with victims or witnesses

22         except through their attorneys, and we'll

23         provide a list of those individuals and

24         entities to their attorneys.

25                   THE COURT:  All right.  Any objection?

 1          MR. PETRILLO:  No, your Honor.

 2          MR. JAFFE:  No, your Honor.

 3          MR. MUKASEY:  No objection.

 4          THE COURT:  Item 7g, the Defendants

 5     shall avoid all contact direct or indirect

 6     with any person who is or may be a victim or

 7     witness in the investigation or prosecution,

 8     including those individuals whose names are

 9     disclosed by the Government.

10          Do any of the Defendants possess

11     firearms?

12          MR. PETRILLO:  No, your Honor.

13          MR. JAFFE:  No, your Honor.

14          MR. MUKASEY:  No, he doesn't.

15          THE COURT:  The Defendants shall not

16     possess a firearm, destructive device or

17     other weapon.

18          Do we have any substance abuse issues?

19          MR. PETRILLO:  No, your Honor.

20          MR. JAFFE:  No, your Honor.

21          MR. MUKASEY:  No.

22          THE COURT:  Finally, the Defendants

23     must report as soon as possible to the

24     Pretrial Services Office or supervising

25     officer any contact with law enforcement

1          personnel including arrests, questioning or

2          traffic stops.

3               Anything I've overlooked, any counsel

4          or the Probation Officer?  Anyone?

5               MR. PETRILLO:  No.

6               MR. BRENNAN:  Not from the Government,

7          your Honor.

8               THE COURT:  All right.  Anything else

9          we should do, any counsel?

10              (No response.)

11              THE COURT:  You need a moment?

12              Yes, go ahead.

13              (Pause.)

14              MR. JAFFE:  No, your Honor, not for the

15         defense.

16              THE COURT:  All right.

17              All right, thank you, Counsel.  We're

18         in recess.

19              MR. BRENNAN:  Just for the record, your

20         Honor, I think the Defendants then now just

21         have to be processed by the U.S. Marshals.

22              THE COURT:  Yes.  All Defendants must

23         be processed by the United States Marshals,

24         and Defendants and their spouses will sign

25         the paperwork.  The paperwork is probably

1          already prepared by the Clerk, and make

2          arrangements for the spouse in the Southern

3          District of New York and then the Defendants

4          will be free to go.

5               We're in recess.  I'll see counsel in

6          the civil case in about 15 minutes.

7               ALL:  Thank you, your Honor.

8               THE COURT:  We're in recess.

9               (Proceedings concluded at 10:30 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          CERTIFICATE

2

3                I hereby certify that the foregoing 26

4    pages are a complete and accurate transcription to the

5    best of my ability of the electronic recording of the

6    Initial Presentment in re:  UNITED STATES OF AMERICA

7    vs. ROSS SHAPIRO, TYLER PETERS and MICHAEL GRAMINS,

8    Criminal No. 3:15-CR-00155 (RNC) held before The Hon.

9    Donna F. Martinez, United States Magistrate Judge, in

10   Hartford, Connecticut, on September 10, 2015.

11

12   s/s_____        _____

13   Suzanne Benoit, Transcriber        Date

14

15

16

17

18

19

20

21

22

23

24

25