```
                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF CONNECTICUT


- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :  No.  3:15CR155(RNC)
                                 :
         vs.                     :
                                 :
ROSS SHAPIRO, ET AL,             :
                                 :  HARTFORD, CONNECTICUT
                    Defendants.  :  May 4, 2017
                                 :
- - - - - - - - - - - - - - - - x



              TRANSCRIPT EXCERPT – MOTIONS HEARING


     BEFORE:

            HON. ROBERT N. CHATIGNY, U.S.D.J.







                                   Darlene A. Warner, RDR-CRR
                                   Official Court Reporter
```

```
 1     APPEARANCES:

 2
           FOR THE GOVERNMENT:
 3
               U.S. ATTORNEY'S OFFICE-NH
 4             157 Church Street
               P.O. Box 1824; 23rd Floor
 5             New Haven, Connecticut 06510
               BY:  LIAM BRENNAN, AUSA
 6                  HEATHER L. CHERRY, AUSA
                    DAVID E. NOVICK, AUSA
 7
           FOR ROSS SHAPIRO:
 8
               PETRILLO, KLEIN & BOXER LLP
 9             665 Third Avenue
               22nd Floor
10             New York, New York 10017
               BY:  GUY PETRILLO, ESQ.
11                  JOSHUA KLEIN, ESQ.
                    LEONID SANDLAR, ESQ.
12                  MIRAH CURZER, ESQ.

13         FOR MICHAEL GRAMINS:

14             GREENBERG TRAURIG
               Metlife Building
15             200 Park Avenue
               New York, New York 10166
16             BY:  MARC L. MUKASEY, ESQ.
                    ROBERT S. FRENCHMAN, ESQ.
17                  JEFFREY B. SKLAROFF, ESQ.

18

19

20

21

22

23

24

25
```

```
 1
       APPEARANCES (CONTINUED):
 2

 3         FOR TYLER PETERS:

 4              ALSTON & BIRD, LLP-NY
                One Atlantic Center
 5              1201 West Peachtree Street
                Atlanta, Georgia 30309-3424
 6              BY:  MICHAEL L. BROWN, ESQ.
                     LEANNE M. MAREK, ESQ.
 7
                BRAFMAN & ASSOCIATES, PC
 8              767 Third Avenue, 26th Floor
                New York, New York 10017
 9              BY:  ALEX SPIRO, ESQ.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    (Transcript excerpt follows.)

2

3              THE COURT:  Okay.  We're going to be breaking
4    for lunch.  Is there anything that either side needs from
5    me today or tomorrow?
6              MR. BRENNAN:  Your Honor, we were just wondering
7    about length of the openings?
8              THE COURT:  How much time would you like?
9              MR. BRENNAN:  I think we would need roughly 30
10   minutes to 40 minutes.
11             THE COURT:  Okay.
12             How about on the other side?
13             MR. MUKASEY:  I think I'll be in the same
14   ballpark, if not shorter.
15             MR. PETRILLO:  Second.
16             MR. BROWN:  I'll be shorter, but the same would
17   be fine.
18             THE COURT:  Okay, that's fine with me.
19             Again, I caution you that it is opening
20   statement.  I don't want to have an objection if I can
21   help it.  I think if you stick to what you think the
22   evidence will show, we shouldn't have any issues, but
23   please don't be asking the jury to return a verdict at
24   this point.  That's not what it's for, okay?
25             MR. PETRILLO:  Understood.

1        One item that's out there, Your Honor, and
2   perhaps Your Honor was planning to rule on this before
3   Monday, but there's the open issue of whether Litvak will
4   be mentioned at the trial and it could influence the
5   openings.  Although obviously we can work around whatever
6   Your Honor's pleasure is.
7        THE COURT:  My thinking on that is as follows:
8   I don't see how we can avoid it.  It is, at a minimum,
9   context for the trades in 2013, and I think that it is
10  unavoidable.
11       That said, I want to caution everybody to treat
12  this with kid gloves.
13       In my remarks to the jury today, I tried to
14  explain to them what we mean by an indictment and I did
15  that at some length and in some detail realizing that
16  Litvak's indictment may in fact come into play, and at the
17  risk of upsetting the government, I tried to make it clear
18  to the jury that an indictment is simply an allegation,
19  period and while it has some importance, it doesn't have
20  much importance.
21       I think that having spelled that out for them
22  today, I will have mitigated the risk of potential
23  prejudice to the people on trial here with regard to the
24  Litvak matter.
25       So, yes, I don't see how we can avoid it, and I

1    think we need to do our best to protect the interest in a
2    fair trial by not making more of it than it is.
3               We all have our own perspective on everything.
4    It may be helpful for you to understand my perspective on
5    this a bit better.
6               I had a case once not very different from this
7    in some ways and lead counsel for the lead defendant in
8    that case asked Judge Dorsey, the late Peter Dorsey of our
9    court, former U.S. Attorney in this district, to allow
10   pretrial discovery to take depositions of government
11   witnesses in advance of the criminal trial, and the
12   government was shocked and thought that was beyond
13   unorthodox, and the lead lawyer for the lead defendant
14   said, this is just a lawsuit where the government has made
15   its allegations, that's all this is, and if you get
16   discovery in a civil case, why can't we get discovery.
17   Judge Dorsey thought about it and allowed it.
18               But I hope you see the relevance to the Litvak
19   indictment.
20               From my point of view, as I explained to the
21   jury, it's somebody's pleading, it's somebody's allegation
22   and it shouldn't be the driving force behind this case
23   even though I do think it's unavoidably part of the case,
24   okay?
25               I mean, to my way of thinking, the government

1   got an indictment against Jesse Litvak.  Okay.  The
2   defendants say that was wrong because it's not criminal;
3   and the government got an indictment against these
4   defendants and they still say it's wrong, it's not
5   criminal.
6           What's the big deal about the indictment?  It's
7   either criminal or it's not.  The fact that somebody is
8   indicted is not a big deal from my point of view.
9           I hope that helps you understand where I'm
10  coming from as far as that part of the case is concerned.
11          MR. PETRILLO:  I'm sorry to bother you with
12  this, Your Honor, but we had hoped that we would know who
13  the first witnesses would be a couple of business days
14  before trial and I just want to confirm that the
15  government is on the same page as we are.
16          MR. BRENNAN:  We thought -- my apologies, Your
17  Honor.
18          We thought it was calendar days before.  So we
19  were planning on telling them on Saturday but if we were
20  incorrect on that --
21          THE COURT:  From my point of view, the sooner
22  the better.  If you're able to tell them today, you
23  should.  It doesn't help anybody to hold off and can cause
24  problems.
25          So if you know who they're going to be, then you

1   should tell them, okay?

2            MR. PETRILLO:  Thank you.

3            THE COURT:  I will rely on you to have an open
4   line of communication with each other.  Again, I think
5   that serves everybody's interests.

6            I plan to be in the courthouse after 8:00, not
7   later than 8:00, and for various reasons we're not going
8   to be starting the evidence until 9:30.  I had told you
9   9:00.  It's going to be 9:30.  So that's going to be the
10  start time going forward.

11           Point being that you'll have ample time before
12  we start with the jury to speak to me if you need to speak
13  to me and if you do, that's fine, you shouldn't hesitate
14  to let me know.  I encourage you to speak with me to avoid
15  problems during the trial day.

16           From my point of view, we should apply the
17  golden rule here in our dealings with each other and with
18  these jurors and we should treat the jurors not just as we
19  would wish to be treated.  We should treat the jurors as
20  we would the president of the United States.

21           We wouldn't keep him waiting, we shouldn't keep
22  them waiting.  That's my perspective on it.

23           So please don't expect me to be seeing you at
24  sidebar while the jurors sit there twiddling their thumbs
25  wondering what we're talking about.  Please don't expect

1    that if you contact me at five of 9:00 and tell me you've
2    got a problem that's going to take an hour and a half, I'm
3    going to be willing to talk to you about it.  I won't.
4            If you call me at 8:00, I will, but if you call
5    me at 9:00, I'm going to say, okay, but we're starting
6    with the jury at 9:30.
7            So please be clear about that.  I hope that you
8    will have more than enough time to do what you need to do
9    without great inconvenience to you, but please bear in
10   mind that my priority is to make sure that we don't keep
11   the jurors waiting needlessly.  When they're in the
12   courthouse, they should be hearing evidence, not waiting
13   wondering what we're doing.  Okay?  I think that's very
14   important to a fair trial, especially a trial of this
15   anticipated length.
16           The last thinking I'll say is you heard what I
17   told the jurors, they had my word that this case is not
18   going to go beyond four to six weeks, and I'm not breaking
19   my word.  So as we go along, if it looks to me like we
20   might have a problem, I'm going to impose a deadline on
21   your cases and I'm going to adhere to it.  Because we're
22   going to wrap this case up within that timeframe at the
23   very latest.  Okay?
24           Fair warning; all right?
25           Unless I hear differently from you, I'll see you

1   on Monday.
2                    (End of transcript excerpt.)

```
 1                       C E R T I F I C A T E

 2

 3                   In Re: U.S. vs. SHAPIRO

 4

 5

 6          I, Darlene A. Warner, RDR-CRR, Official Court

 7   Reporter for the United States District Court for the

 8   District of Connecticut, do hereby certify that the

 9   foregoing pages are a true and accurate transcription of

10   my shorthand notes taken in the aforementioned matter to

11   the best of my skill and ability.

12

13

14

15
                     /s/_____
16
                     DARLENE A. WARNER, RDR-CRR
17                       Official Court Reporter
                       450 Main Street, Room #223
18                    Hartford, Connecticut 06103
                             (860) 547-0580
19

20

21

22

23

24

25
```