UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            v.<br><br>ROSS SHAPIRO and<br>MICHAEL GRAMINS,<br><br>                        Defendants. | S3 15-cr-00155 (RNC)<br><br>August 9, 2018 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
MICHAEL GRAMINS' MOTION FOR RECONSIDERATION**

GREENBERG TRAURIG, LLP
Marc L. Mukasey (CT29885)
Jeffrey B. Sklaroff (PHV08423)
Robert S. Frenchman (CT30437)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. THIS COURT SHOULD RECONSIDER ITS DENIAL OF GRAMINS' RULE 29 MOTION AND ENTER A JUDGMENT OF ACQUITTAL FOR THE REASONS STATED IN *LITVAK II* ................................................................................................ 2

    A. The Record In This Case And The Reasoning Of The Second Circuit In *Litvak II* Compel The Entry Of A Judgment Of Acquittal ..................................... 2

    B. Without The Erroneous Testimony, No Reasonable Juror Could Find That Gramins' Statements Were Material ........................................................................ 3

II. GRAMINS SHOULD BE ACQUITTED ON COUNT ONE BECAUSE THE GOVERNMENT FAILED TO PROVE THAT A CONSPIRACY EXISTED OR THAT GRAMINS AGREED WITH ANYONE TO VIOLATE THE LAW .................... 6

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Matrixx Initiatives, Inc. v. Siracusano,*
 563 U.S. 27 (2011)..................................................................................................3

*Rich v. State,*
 294 F. Supp. 3d 266 (D.N.J. 2018) ........................................................................6

*Schrader v. CSX Transp., Inc.,*
 70 F.3d 255 (2d Cir. 1995)......................................................................................6

*Thorsen v. Sons of Norway,*
 996 F. Supp. 2d 143 (E.D.N.Y. 2014) ....................................................................6

*United States v. Litvak,*
 889 F.3d 56 (2d Cir. 2018)..............................................................................1, 4, 5

**Other Authorities**

Chris Dolmetsch, *Bond Trader Jesse Litvak's Ordeal Ends as Fraud Case Dropped,* Bloomberg
 (July 30, 2018), https://www.bloomberg.com/news/articles/2018-07-30/u-s-drops-
 criminal-case-against-bond-trader-jesse-litvak-jk8m4nsv......................................4

Defendant Michael Gramins, by his counsel, respectfully submits this Reply Memorandum of Law in further support of his Motion for Reconsideration, ECF No. 519, of the Court's Ruling and Order denying his Motion for Judgment of Acquittal, ECF No. 504 (the "Order").

## PRELIMINARY STATEMENT

The government persists in refusing to accept the fundamental predicate on which the RMBS market is based: that traders and counterparties have an arms-length, principal-to-principal relationship. The parties in this "very unusual" market have directly conflicting economic interests – when it comes to price, what is good for one side of the transaction is bad for the other, and vice versa. Remarkably, even after five years of litigation and a failure to secure convictions against five defendants from three financial institutions on any of 58 criminal counts in front of four different jury panels, three district court judges, and two Second Circuit panels, the government still refuses to accept this unassailable fact. *See, e.g.*, ECF No. 530 at 12-13, 14-15 ("Opp. Br.").

Although the government turns a blind eye, the ruling of the Court of Appeals in *United States v. Litvak* ("*Litvak II*"), 889 F.3d 56 (2d Cir. 2018), applied to the evidence of record in this case, precludes a reasonable jury from finding that the statements made by Gramins to Nomura's highly-sophisticated, arms-length counterparties were material. The government cannot establish the nexus required by *Litvak II* linking "a particular trader's viewpoint and that of the mainstream thinking of investors in that market." *Id.* at 65. And, while this Court has suggested that expert testimony might provide the required link, *see* Status Conference (June 7, 2018), Tr. 28:11-15, the government now concedes that it has no additional fact or expert evidence that it would offer at a retrial to meet its burden. Opp. Br. at 25 ("[I]t is very doubtful that an expert would have provided anything meaningful to the [g]overnment's case here.").

1

Based on the law of the RMBS market as established by the Second Circuit, and the evidence (and lack of evidence) of record in this case, the Court should reconsider its earlier ruling and enter a judgment of acquittal for Gramins on Counts One, Three, and Nine.

## ARGUMENT

I. **THIS COURT SHOULD RECONSIDER ITS DENIAL OF GRAMINS' RULE 29 MOTION AND ENTER A JUDGMENT OF ACQUITTAL FOR THE REASONS STATED IN *LITVAK II***

   A. **The Record In This Case And The Reasoning Of The Second Circuit In *Litvak II* Compel The Entry Of A Judgment Of Acquittal**

The government argues that *Litvak II* "bars" this Court from granting Gramins' motion for a judgment of acquittal. Opp. Br. at 7-11. To the contrary, the Second Circuit's ruling in *Litvak II* compels a ruling in Gramins' favor.

In *Litvak II*, the Second Circuit found that the record in that case – stripped of the wrongfully admitted testimony of Norris and Wolman – was sufficient for a reasonable jury to find that Litvak's statements would have been material to the reasonable investor. *Id.*[1] The unique record in this case, however, requires a different conclusion. Here, there was a surplus of evidence that reasonable investors in this market discounted the information volunteered by dealers and themselves deceived dealers during negotiations, *see* ECF No. 520 ("Gramins Br.") at 12-17, undermining the materiality of statements made by dealers. For example, Zach Harrison, a counterparty "victim," testified about an instance in which he thought a Nomura trader may have been lying to him during a negotiation, yet he went ahead and executed the transaction nonetheless,

---

[1] While the government harps on counterparty witness testimony in *Litvak I* and, in this case, that the statements made about price were important to them, it fails to acknowledge *Litvak II*'s mandate that counterparty "victim" testimony must have some nexus to the reasonable investor. As we show below, in this case, that nexus was lacking, *see* Order at 14-17, and therefore there was no "importance" testimony that a reasonable jury could consider.

2

setting aside the misrepresentation. *See* Tr. 1168:1-13. In a chat, Harrison wrote that "someone lying to my face is like [an] hourly occurrence." DX 544 at 24. The record in this case is replete with evidence that Gramins' statements were not material, much of which was not present in the Litvak case. *See generally* Gramins Br. at 12-17 (describing other evidence in this case of skepticism from and misconduct by counterparties). Based on the facts of record in this case, and stripping away the improperly admitted testimony, no reasonable jury could find beyond a reasonable doubt that Gramins' statements were material.

> **B.    Without The Erroneous Testimony, No Reasonable Juror Could Find That Gramins' Statements Were Material**

With its most essential evidence of materiality now inadmissible, the government tries unsuccessfully to rehabilitate testimony that is precluded by *Litvak II*. First, the government cites to cooperating witnesses who testified that they and the defendants made misrepresentations to "increase the profit on a trade" or "increase the spread or amount of money that Nomura earned on [a] trade." Opp. Br. at 10. These are entirely legitimate objectives for traders in a principal-to-principal market, as recognized by Jonathan Raiff, the Nomura supervisor called to the stand by the government. Trial Tr. 619:7-10 ("Clearly the goal [of each trade] is to try to generate as much revenue as possible."). Nor does this testimony say anything about the materiality of Gramins' statements to his counterparties, *i.e.*, whether the misrepresentations *significantly altered* the total mix of information available to a reasonable investor. *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) ("[The] materiality requirement is satisfied when there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available.") (internal quotation marks omitted). The government cannot satisfy its burden of proof on a key issue at trial with inapposite testimony by cooperating witnesses.

Second, the government argues that "[w]hile *Litvak II* bars objectively erroneous testimony about legal agency or fiduciary relationships, it does not preclude relevant factual evidence of the role of the broker-dealer in the RMBS marketplace." Opp. Br. at 12. The Second Circuit, however, drew no such distinction and, in fact, expressly held that mistaken testimony about the role of broker-dealers was not admissible. *See Litvak II*, 889 F.3d at 69 ("While the individual views of a counterparty trader may usually be relevant to the nature of the market involved and as to the beliefs of a reasonable investor, a reasonable investor *would not misperceive the role of a broker-dealer in the RMBS market*.") (emphasis added). The Second Circuit held that "[m]ateriality cannot be proven by the mistaken beliefs of the worst informed trader in a market" because such testimony is not "relevant to prove what a reasonable investor, neither confused nor incorrect, would have deemed important." *Id* at 65, 69. Whether those mistaken beliefs are legal or factual observations, they lack any "nexus" to what the objective, reasonable investor would consider material and threaten to confuse or prejudice the jury. As the Second Circuit recognized, this mistaken testimony must be precluded and cannot be relied upon by the government to satisfy its burden of proof.[2]

Third, the government argues it satisfied its burden of proof using testimony about the "subjective trust" that counterparties had in Nomura. Opp. Br. at 16-18. The government once

---

[2] Despite its decision to finally dismiss the sole remaining count in Litvak, the government persists in relitigating that case in its opposition brief. The government argues that there was "ample evidence in the *Litvak II* trial transcript that Norris' and Wollman's understanding of the market was both accurate and widely-shared." Opp. Br. at 15. Although it continues to tilt at windmills in these RMBS cases, at least one commentator has suggested the real reason why the government chose not to retry Jesse Litvak for a third time: "the U.S. Attorney read the tea leaves in the Second Circuit opinion that any conviction was unlikely to survive." Chris Dolmetsch, *Bond Trader Jesse Litvak's Ordeal Ends as Fraud Case Dropped*, Bloomberg (July 30, 2018), https://www.bloomberg.com/news/articles/2018-07-30/u-s-drops-criminal-case-against-bond-trader-jesse-litvak-jk8m4nsv.

4

again ignores the plain text of *Litvak II,* which expressly rejected the argument that "subjective trust" testimony was relevant to the issue of "whether and why victims trusted Litvak." *Id.* at 68. The Court noted that "[t]he government's concept of subjective trust as evidence of materiality became a back door for the jury to apply the heightened expectations of trust that an agency relationship carries." *Id.* at 69-70.[3]

Finally, the government argues that Gramins "fostered" a sense of trust from his counterparties and that those counterparties' subjective beliefs about the role of dealers in the market was therefore admissible. Opp. Br. at 18-21. Identical arguments were rejected by the Second Circuit in *Litvak II* and by this Court in its Order. *Litvak II*, 889 F.3d at 69 n.13 (rejecting the government's argument that Litvak improperly "fostered" a sense of trust and noting that "[a]n investor may be deceived into believing that an arms-length relationship is one of special trust, but the means of deception must be of a character that would deceive an objectively reasonable investor, *i.e.*, more than a salesman's banter"); Order at 16-17 ("[T]he government has not identified evidence showing that Gramins caused Wollman's mistaken beliefs about the role of broker-dealers in the RMBS market by means of deception that would deceive an objectively reasonable investor.") (citing *Litvak II*, 889 F.3d at 69 n.13). For the same reasons, the government's argument should be rejected here.

---

[3] The government argues that "[e]ven where witnesses used the term 'broker,' they did not imply that there was a fiduciary relationship between Nomura and its counterparties." Opp. Br. at 14. Even if the government is correct – and it is not – this makes no difference at all because brokers still have obligations to their clients that do not apply to dealers acting in a principal capacity. As the Court correctly noted in its Order, "'brokering' transactions in the RMBS market carries certain duties – including a duty of honesty – that are not present when a broker-dealer is trading for its own portfolio." Order at 16. The Order also correctly observes that the testimony about "brokering" was "problematic because it implied that broker-dealers act in an agency capacity and owe trading counterparties a duty of honesty arising solely from a "relationship of trust" between broker-dealers and traders." *Id.*

With the counterparty "victims'" mistaken beliefs about the role of dealers and their testimony about their "subjective trust" in Nomura stripped from the record – and with no expert testimony to supply the nexus between the views of the individual witnesses in this case and the objective, reasonable investor, as required by *Litvak II* – there simply is no evidence upon which a reasonable jury could find that Gramins' statements were material. Accordingly, a judgment of acquittal should issue on Counts One, Three, and Nine.

## II.   GRAMINS SHOULD BE ACQUITTED ON COUNT ONE BECAUSE THE GOVERNMENT FAILED TO PROVE THAT A CONSPIRACY EXISTED OR THAT GRAMINS AGREED WITH ANYONE TO VIOLATE THE LAW

The motion for reconsideration should be granted and a judgment of acquittal should issue on Count One for the additional reason that the Court did not address Gramins' argument that government failed to prove the existence of a conspiracy or that Gramins agreed with anyone to violate the law. *See* Gramins Br. at 7. Although the government argues that this is not a sufficient basis on which to grant a motion for reconsideration because it relies on arguments already made, Opp. Br. at 4 n.1, the cases are all to the contrary. *See, e.g.*, *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 169 (E.D.N.Y. 2014) ("A motion for reconsideration is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order."); *Rich v. State*, 294 F. Supp. 3d 266, 272-73 (D.N.J. 2018) (noting that reconsideration may be granted where the court "overlooked some dispositive factual or legal matter that was presented to it"); *see also* Local Civ. R. 7(c). Indeed, even the cases cited by the government hold that reconsideration is warranted where, as here, the court overlooked an argument that was raised in earlier briefing. *See* Opp. Br. at 4 (noting that a motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked") (quoting *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

\* \* \*

In the final analysis, the law and the facts compel the Court to enter a judgment of acquittal and resolve this case after three years in a fair and just manner. Indeed, from the perspective of what is fair and just, entering a judgment of acquittal now will ensure that should the government ask the Second Circuit to review that decision, any appeal will be decided quickly and efficiently, giving the defendants the best opportunity for a prompt retrial should the government prevail.[4]

## CONCLUSION

For the reasons set forth above and in prior briefing, the Court should reconsider its July 5, 2018 ruling and enter a judgment of acquittal on Counts One, Three, and Nine against Michael Gramins.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
Jeffrey B. Sklaroff (PHV08423)
Robert S. Frenchman (CT30437)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

---

[4] By motion dated July 13, 2018, Gramins moved in the Court of Appeals, over the government's opposition, for an order expediting the government's appeal from this Court's Order granting his Rule 33 motion. *United States v. Gramins*, No. 18-2007 (2d Cir.), ECF No. 9. The Second Circuit granted the motion and set a briefing schedule that will have all briefing completed by October 9, 2018. *Gramins*, No. 18-2007 (2d Cir. July 25, 2018), ECF No. 28. If this Court enters judgment of acquittal, and the government appeals that ruling, one or both of the parties would likely move to consolidate the two appeals, *see* Fed. R. App. P. 3(b) (permitting a court of appeals to consolidate related actions), which would result in the best chance for a prompt and unified appellate disposition.

**CERTIFICATION OF SERVICE**

I hereby certify that on August 9, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
August 9, 2018

    /s/ Marc L. Mukasey
Marc L. Mukasey
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com